IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | **MEMORANDUM DECISION REGARDING PRETRIAL RELEASE AND STAY OF DECISION RELEASING DEFENDANT PENDING REVIEW BY THE DISTRICT JUDGE** |
|---|---|
| Plaintiff, | |
| v. | |
| LACEY JUDEA RAMIREZ, | Case No. 2:13-cr-00806-DN |
| Defendant. | Case No. 2:13-cr-00830-DAK |
| | District Judge David Nuffer |
| | District Judge Dale Kimball |
| | Magistrate Judge Evelyn J. Furse |

This Court set conditions of release for Lacey Judea Ramirez at the detention hearing held on this matter on January 3, 2014. The Court reviewed the Indictment in this case and another case involving Ms. Ramirez (2:13-cr-830) and the pretrial services report. The Court heard evidence from the Government and the Defendant by proffer.

The Eighth Amendment prohibits the imposition of excessive bail. U.S. Const. amend. VIII. 18 U.S.C. § 3142 governs a defendant's release or detention pending trial. This statute requires the Court order the defendant released on her own recognizance or on an unsecured bond pretrial, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the Court determines either personal recognizance or an unsecured bond will not reasonably assure either end, 18 U.S.C. § 3142(c)(1)(B) requires the Court impose the *least* restrictive further condition that will reasonably assure the appearance of the defendant and the safety of the community. After a detention hearing, the Court shall order

1

detention of the defendant pending trial if it finds "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

In this case, a rebuttable presumption exists that no condition will reasonably assure the appearance of the Defendant at court and the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(3)(A)-(B). This presumption arises because probable cause exists to believe the Defendant committed an offense involving possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c)(1)(A) and a violation of 18 U.S.C. § 841(a)(1) carrying a term of 10 years or more. This presumption requires the Defendant to come forward with evidence to rebut the presumption. *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991) ("Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.") The defendant does not bear a heavy burden but must produce some evidence. *Id.* at 1355. "Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1355.

Importantly, nothing in the statute modifies or limits the presumption of the Defendant's innocence prior to trial. 18 U.S.C. § 3142(j). "'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.'" *Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).

In making its determination, the Court considered the following factors: the nature and circumstances of the charged offense, the weight of the evidence against the Defendant, the

2

history and characteristics of the Defendant—including her character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history of substance abuse, crime, and court appearances, whether the Defendant was on probation, parole, or release pending trial, sentencing, appeal, or completion of a sentence—and the nature and seriousness of danger posed by the person's release.  *See* 18 U.S.C. § 3142(g).

**Risk of nonappearance**

The Defendant was born in in Utah and has lived here her entire life, twenty-six years. The Defendant's mother and sister live in Utah, and the Defendant proposes to live with them. The Defendant has two children, who live alternatively with the Defendant's mother or the Defendant's estranged husband. Until January of 2013, the Defendant worked at the University Medical Center as an MRI department supervisor since 2006. Based on this information, the Court finds the Defendant has significant ties to Utah.

Prior to January 2013 the Defendant had no relevant criminal history. The Defendant admitted that she began using methamphetamine in January 2013. In March 2013, the Defendant was charged with Possession or Use of a Controlled Substance and Possession of a Forgery Writing/Device, both third degree felonies on which she failed to appear in court repeatedly. Between March 2013 August 2013, the Defendant received new charges on seven different occasions ranging from driving on a denied license—a misdemeanor—to Possession with Intent to Distribute Controlled Substance—a second degree felony. The Defendant has remained in state custody since her arrest in August of 2013. During her four months in state custody, the Defendant chose to participate in three substance abuse programs: Alcoholics Anonymous, the LDS 12-Step Program, and a Mind-Altering Substance Abuse program.

3

For two years prior to January 2013, the Defendant had received radiation treatment for a malignant cancerous tumor on her liver. In 2011, the Defendant received some prescription medication for anxiety and depression from a general practitioner. The Court finds that the Defendant's prior physical and mental health difficulties and subsequent use of methamphetamine contributed significantly to her failures to appear in 2013.

The Court also notes the Defendant's lack of material resources as a factor making any attempt at flight more difficult.

The Court finds the Defendant has rebutted the presumption of risk, and the Government has not shown, *by a preponderance of the evidence*, that the Defendant poses an unmanageable risk of nonappearance. The Court ordered the conditions of release as set forth in [ECF No. 20](ECF No. 20).

The Defendant will maintain a residence with her mother and imposed a curfew from eight p.m. to six a.m. The Court prohibited the Defendant from using drugs and provided for testing and treatment at the direction of pretrial services. The Court further ordered the Defendant to undergo a mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed. These conditions will reasonably assure the Defendant's appearance back at court.

**Risk to the safety of any other person and the community**

The Defendant had no relevant criminal history prior to January 2013 when she admits beginning to use methamphetamine. Since March of 2013, the Defendant has accumulated numerous state charges, which the state apparently intends to drop in favor of the federal charges pending, with one exception. In June 2013, the Defendant was convicted of driving on a denied license, a class C misdemeanor. In August 2013, the Defendant allegedly possessed a firearm in

furtherance of distribution of methamphetamine, while on the same date receiving a firearm while under indictment. In the other federal case pending against the Defendant, she allegedly committed bank fraud by manufacturing checks and money order using account information of other people without their authorization beginning on December 20, 2012 and continuing through at least April 30, 2013.

The timing of the Defendant's charges would appear to coincide with her beginning to use methamphetamine. The Defendant also suggested personal difficulties in her life including cancer and the breakup of her marriage might have contributed to her drug use. The Court thinks the conditions in place for mental health and drug treatment, drug testing, and Defendant's efforts at reform while in jail, will help to reasonably assure the safety of the community.

While the Defendant does not have any personal financial resources, her mother has offered to assist the Defendant financially until she can find employment.

The Court has also prohibited the Defendant from possession of identification information of anyone other than herself, from obtaining credit without permission of the pretrial services officer, and from taking a job giving her any access to personal identifying information.

The Defendant has rebutted the presumption of risk to the community. The Government has failed to show, *by clear and convincing evidence*, that the Defendant poses an unmanageable danger to the community or any other person. *See* 18 U.S.C. § 1842(f)(2)(B). While the evidence of the crime meets the probable cause standard, it does not suggest the Defendant is likely to pose an unmanageable danger to the community or any other person at this time. The Defendant's time in jail has given her the opportunity to begin to address her drug problem, which she seized. The Court put conditions in place to manage the risk of relapse including drug treatment and testing. The Court also ordered a mental health assessment and treatment if

5

determined advisable by the pretrial services officer. The Court's further prohibitions on access and possession of personal identifiers and firearms or dangerous weapons further reduces the potential for harm to the community. Lastly, the Court imposed a search procedure pursuant to reasonable suspicion, thus allowing pretrial services to preempt problems should they develop a reasonable suspicion that the Defendant is using drugs or engaging in any type of violation of the release order.

Under these circumstances, the Court found the statute required release pending trial on conditions.

The Court did grant the Government's Motion to Stay this Order pending appeal to the District Judge. ([ECF No. 24](#).) The Court finds it has authority to Stay its decision as implicitly acknowledged by DUCrimR 57-16(a)-(b) providing for appeal of a magistrate judge's order and requiring any request for a stay of the order to be presented to the magistrate judge first. In this case, where the Court finds the Defendant has spent the last four months in jail and stands accused of crimes giving rise to a presumption of detention, a stay of the order of release provides the best way to reasonably assure the appearance of the Defendant back at court and the safety of any other person or the community pending review of the release order.

DATED this 3d day of January, 2013.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge